# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| MOBU ENTERPRISES PTY LTD. d/b/a OLÉ MEXICAN FOODS AUSTRALASIA § § § § § § § | § § § § § § § CIVIL ACTION NO. 3:23-CV-0617-S |
| v. | |
| JOHN GALT SOLUTIONS, INC. | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant John Galt Solutions, Inc.'s Motion for Summary Judgment ("Motion") [ECF No. 28]. The Court has reviewed the Motion, Defendant's Brief in Support of Summary Judgment ("Defendant's Brief") [ECF No. 29], Plaintiff Mobu Enterprises Pty Ltd. d/b/a Olé Mexican Foods Australasia's Response in Opposition to the Motion [ECF No. 38], Plaintiff's Brief in Opposition to the Motion ("Plaintiff's Brief") [ECF No. 39], the summary judgment evidence, the arguments of counsel at the October 18, 2024, hearing on the Motion, and the applicable law. For the following reasons, the Court **DENIES** the Motion.

### I. BACKGROUND

This dispute stems from a failed business arrangement. Plaintiff is a manufacturer and distributor for OLÉ Mexican Foods, Inc. Pl.'s Original Compl. ("Complaint") [ECF No. 1] ¶ 6. To facilitate its distribution operations, Plaintiff uses Xero, a cloud-based accounting and financial management program. *Id.* ¶ 7; App. to Pl.'s Br. ("Plaintiff's Appendix") [ECF No. 40], Ex. B [ECF No. 40-2] ¶ 2. In January 2022, seeking to further automate its distribution, Plaintiff gathered proposals from multiple companies, including Defendant. Compl. ¶ 8; Pl.'s App., Ex. B ¶¶ 3-4; Pl.'s App., Ex. C [ECF No. 40-3]. Plaintiff informed Defendant that any program it selected must

integrate with Xero. Compl. ¶ 9; Pl.'s App., Ex. B ¶ 5. Defendant pitched its Atlas Planning Enterprise ("Atlas") program to Plaintiff. Compl. ¶ 10; Pl.'s App., Ex. C. Defendant allegedly promised that Atlas would seamlessly integrate with Xero. Compl. ¶¶ 10, 51. And Plaintiff confirmed several times that Atlas would integrate with Xero. *Id.* ¶¶ 15-16; Pl.'s App., Ex. B ¶¶ 6-7. Plaintiff selected Defendant's Atlas program over solutions proposed by other companies. Compl. ¶ 10.

The parties entered into the Services Subscription and Implementation Services Agreement ("Agreement"). *Id.* ¶ 17; Def.'s App. in Supp. of Mot. ("Defendant's Appendix") [ECF No. 30] 12-36. The Agreement contains a merger clause stating: "This Agreement . . . constitutes the entire agreement between the Parties and supersedes all prior representations and agreements, both written and oral." Def.'s App. 20 § 12(G). Pursuant to the Agreement, Plaintiff paid Defendant a $90,000 licensing fee. Compl. ¶ 17; Def.'s App. 24 § (e), 88.

Despite Defendant's representations, integration of Xero with Atlas proved to be an issue. Compl. ¶ 20; Pl.'s App., Ex. B ¶ 10. Defendant attempted to fix the problem in multiple ways. First, Defendant asked Plaintiff to engage in data gathering and participate in meetings to develop a design for Atlas. Compl. ¶¶ 21-22. Second, Defendant instructed Plaintiff to complete training exercises with the new system. *Id.* ¶ 24. After these attempted fixes failed, Plaintiff provided Defendant with a Container Flowchart that outlined how Plaintiff expected the software to function. *Id.* ¶ 26; Def.'s App. 73.

As the parties worked to fix the integration problem, Defendant sent Plaintiff billing invoices. Compl. ¶ 27; Def.'s App. 77-87. Between March and June 2022, Defendant billed Plaintiff $17,812.75. Compl. ¶ 27; Def.'s App. 77-87. In or around June 2022, Defendant's representative stated that Atlas could not automatically load and analyze the data from Plaintiff's

sites. Compl. ¶ 28. As a result, Plaintiff asked to terminate the Agreement. *Id.* ¶ 29; Def.'s App. 93. In response, Defendant provided two solutions: (1) Plaintiff could pay Defendant to build a connector between Atlas and Xero; or (2) Plaintiff could manually extract its data and provide it to Defendant so that Defendant could upload it into Atlas. Compl. ¶¶ 30-31; Def.'s App. 76. Plaintiff declined both offers and requested a refund of the licensing fee. Compl. ¶ 33; Def.'s App. 89-90. Defendant refused. Compl. ¶ 34[1]; Def.'s App. 90-91. Plaintiff repeatedly contacted Defendant to discuss the issue, but the parties were unable to reach a resolution. Compl. ¶ 35; Pl.'s App., Ex. L [ECF No. 40-12]; Ex. M [ECF No. 40-13]; Ex. N [ECF No. 40-14]; Ex. O [ECF No. 40-15]; Ex. P [ECF No. 40-16].

As a result of the foregoing, Plaintiff filed suit, asserting claims for violations of the Texas Deceptive Trade Practices Act ("DTPA"), breach of contract, breach of implied warranty of fitness for a particular purpose, breach of express warranty, negligent misrepresentation, unjust enrichment, promissory estoppel, fraud in the inducement of contract, and money had and received. Compl. ¶¶ 30-80.

## II. LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving

---

[1] Plaintiff appears to have labeled the last two paragraphs with the wrong numbers. For avoidance of confusion, the Court refers to the penultimate factual background paragraph (labeled 28) as paragraph 34 and refers to the last background paragraph (labeled 29) as paragraph 35.

3

party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, he "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) showing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322-25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[C]onclusory statements, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). The Court resolves factual controversies in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Wash. Cap. Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. ANALYSIS

Defendant moves for summary judgment on Plaintiff's claims for fraudulent inducement, negligent misrepresentation, unjust enrichment, money had and received, promissory estoppel, and breach of express warranty.[2] Mot. 2. The Court considers each claim in turn.

---

[2] The Court held a hearing on the Motion on October 18, 2024. *See* ECF No. 53. At the hearing, Defendant withdrew its Motion as to Plaintiff's breach of implied warranty, DTPA, and breach of contract claims. Therefore, the Court does not analyze Defendant's arguments on these claims below.

### *A. Fraudulent Inducement*

Defendant contends that it is entitled to summary judgment on Plaintiff's fraudulent inducement claim because the Agreement's merger clause prevents justifiable reliance. Mot. 2 ¶ 2. The Court disagrees.

A contract "containing a merger clause can . . . be avoided for antecedent fraud or fraud in its inducement." *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 331 (Tex. 2011) (citation omitted). Under Texas law, fraudulent inducement has five elements: (1) a material misrepresentation; (2) made with knowledge of its falsity or asserted without knowledge of its truth; (3) made with the intention that the other party should act on it; (4) that the other party relied on; and (5) that caused injury.[3] *Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018) (citation omitted). "The fourth element has two requirements: the plaintiff must show that it actually relied on the defendant's representation and, also, that such reliance was justifiable." *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (citation omitted). A disclaimer of reliance clause in a contract defeats the plaintiff's ability to establish the reliance element so long as the clause is "clear and specific." *Italian Cowboy*, 341 S.W.3d at 332 (citation omitted).

Because the clause at issue here is a standard merger clause, it does not negate reliance or waive claims for fraudulent inducement. To determine whether a given clause disclaims reliance, courts look to both the language of the clause and the context of the agreement. *Id.* at 333-35. A standard merger clause "merely recites that the parties have not made any representations other than those contained within the written contract." *Int'l Bus. Machs. Corp. v. Lufkin Indus., LLC*,

---

[3] Both parties rely on Texas state law, and the Court agrees that Texas law applies in this diversity case. First, the Agreement is governed by Texas law. *See* Def.'s App. 21 § 12(I). Second, "[a] federal court sitting in diversity applies the substantive law of the forum state." *Wisznia Co. v. Gen. Star Indem. Co.*, 759 F.3d 446, 448 (5th Cir. 2014) (citation omitted).

5

573 S.W.3d 224, 229 (Tex. 2019) (citing *Italian Cowboy*, 341 S.W.3d at 334). In other words, the parties disclaim "the *fact* that [] other representations were made." *Italian Cowboy*, 341 S.W.3d at 335. By contrast, in a disclaimer of reliance clause, a party "disclaim[s] its *reliance* on certain representations." *Id.* The question of whether a contract adequately disclaims reliance is a matter of law. *Id.* at 333 (citation omitted).

The language of the relevant provision in the Agreement confirms that it is a standard merger clause. The Agreement states: "This Agreement . . . constitutes the entire agreement between the Parties and supersedes all prior representations and agreements, both written and oral." Def.'s App. 20 § 12(G). This clause "acknowledges that the [Agreement] contains the parties' entire agreement," but it does not contain language indicating that Plaintiff "disclaim[ed] reliance on any prior representations." *Skaria v. Abbott Lab'ys, Inc.*, No. 3:20-CV-1203-D, 2021 WL 3772389, at *9 (N.D. Tex. Aug. 25, 2021) (citing *Italian Cowboy*, 341 S.W.3d at 336). The clause does not include the word "rely" in any form, nor does it otherwise clearly and unequivocally disclaim reliance. *Italian Cowboy*, 341 S.W.3d at 336.

Courts examining nearly identical provisions to the one at issue here have concluded that they do not negate reliance.[4] *See LHC Nashua P'ship, Ltd. v. PDNED Sagamore Nashua, L.L.C.*, 659 F.3d 450, 460 (5th Cir. 2011) (holding that a merger clause stating that the agreement "supersedes all prior agreements and understandings" and constitutes the "entire agreement" did not preclude a fraudulent inducement claim); *Noble Cap. Fund Mgmt., LLC v. US Cap. Glob. Inv. Mgmt. LLC*, No. 1:20-CV-1247-RP, 2023 WL 5814390, at *6 (W.D. Tex. Sept. 7, 2023) (finding

---

[4] Defendant's reliance on *U.S. Quest Ltd. v. Kimmons*, 228 F.3d 399 (5th Cir. 2000), to support its argument is unavailing, as that case predated *Italian Cowboy*. More recent cases decided by the Fifth Circuit and its district courts, including those cited herein, undermine both the holding of *U.S. Quest* and Defendant's position. *See Sysco Merch. & Supply Chain Servs., Inc. v. Remcoda, LLC*, No. 4:22-CV-02075, 2023 WL 1781810, at *6 (S.D. Tex. Feb. 6, 2023) (discussing change in Fifth Circuit's approach after *Italian Cowboy*).

6

no disclaimer of reliance where merger clause stated that "[t]his Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof, superseding all prior understandings and agreements whether written or oral"); *Skaria*, 2021 WL 3772389, at *9 (finding no disclaimer of reliance where merger clause stated that "[t]his Agreement constitutes the entire agreement between [the parties] . . . and supersedes all prior agreements and any representations whether oral or written").

The context of the Agreement further supports this conclusion. An agreement like the one between the parties here, "which is the initiation of a business relationship, should be all the more clear and unequivocal in effectively disclaiming reliance and precluding a claim for fraudulent inducement." *Italian Cowboy*, 341 S.W.3d at 335 (citation omitted). The Agreement does not clearly and unequivocally disclaim reliance or preclude a claim for fraudulent inducement. For these reasons, the merger clause in the Agreement does not prevent Plaintiff from establishing justifiable reliance.

Finally, to the extent Defendant argues that Plaintiff has not introduced sufficient evidence of fraud, *see* Def.'s Br. 8, the Court finds that genuine issues of material fact exist such that a reasonable jury might return a verdict in favor of either party. Accordingly, the Court denies the Motion with respect to Plaintiff's fraudulent inducement claim.

### B. Negligent Misrepresentation

Defendant seeks summary judgment as to Plaintiff's negligent misrepresentation claim on the same basis as the fraudulent inducement claim, Mot. 2 ¶ 2, and its argument fails for the same reason. Like a fraudulent inducement claim, a claim for negligent misrepresentation requires justifiable reliance. *Gen. Elec. Cap. Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005) (citing *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 357 (5th Cir. 1996)). And as

with fraudulent inducement claims, disclaimer of reliance clauses bar negligent misrepresentation claims, but standard merger clauses do not. *See, e.g., LHC Nashua*, 659 F.3d at 460; *Skaria*, 2021 WL 3772389, at *9-10. For the reasons stated above, the relevant clause in the Agreement is a standard merger clause, not a disclaimer of reliance clause. Because the merger clause argument is the only one Defendant makes in seeking summary judgment on Plaintiff's negligent misrepresentation claim, the Court denies the Motion as to that claim.

### *C. Unjust Enrichment and Money Had and Received*

Next, Defendant moves for summary judgment on Plaintiff's unjust enrichment and money had and received claims, arguing that the Agreement bars such claims. Mot. 2 ¶ 1. However, because the Agreement may not survive Plaintiff's fraudulent inducement challenge, these alternative claims may go forward. Under Texas law, unjust enrichment and money had and received are quasi-contract claims. *J & A Coating, LLC v. PPG Indus., Inc.*, No. 05-20-00382-CV, 2021 WL 972899, at *2 (Tex. App.—Dallas Mar. 16, 2021, no pet.) (citation omitted). When a valid, express contract covers the parties' dispute, a plaintiff cannot recover under such quasi-contract theories. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (citation omitted). But fraudulent inducement, a claim Plaintiff asserts in this case, can void a contract. *Neese v. Lyon*, 479 S.W.3d 368, 378 (Tex. App.—Dallas 2015, no pet.) (citation omitted). Therefore, the existence of a valid contract is in question, and the Agreement does not preclude Plaintiff's alternative quasi-contract theories. *See, e.g., Janvey v. Alguire*, No. 3:09-CV-0724-N-BG, 2018 WL 4335677, at *4 (N.D. Tex. Sept. 11, 2018). The Court denies Defendant's Motion with respect to Plaintiff's unjust enrichment and money had and received claims.

### *D. Promissory Estoppel*

Defendant also is not entitled to summary judgment on Plaintiff's promissory estoppel claim. Defendant first contends that the Agreement, as a valid, express contract, bars this quasi-contract claim. Mot. 2 ¶ 3; *see Eagle Metal Prods., LLC v. Keymark Enters., LLC*, 651 F. Supp. 2d 577, 592 (N.D. Tex. 2009) ("Promissory estoppel is a quasi-contract theory[.]" (citation omitted)). For the reasons set forth above, *see supra* § III(C), the Court disagrees.

Second, Defendant argues that Plaintiff has not established justifiable reliance, which is an element of a promissory estoppel claim. Def.'s Br. 14-15. According to Defendant, the Agreement's merger clause "negates any misrepresentation or promise." *Id.* at 15. But Defendant's argument overlooks the fact that Plaintiff asserts its promissory estoppel claim in the alternative to its breach of contract claim. *See* Pl.'s Br. 18-19. Defendant's argument goes to another type of case, in which the plaintiff does not challenge the contract's validity but also brings a promissory estoppel claim based on "a promise outside the contract." *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 899 (Tex. App.—San Antonio 2002, no pet.) (citation omitted). In this case, by contrast, Plaintiff contests the Agreement's validity and will pursue its promissory estoppel claim only if the factfinder determines that the Agreement is void. In that scenario, the merger clause—along with the rest of the Agreement—is irrelevant. The Court denies Defendant's request for summary judgment on Plaintiff's promissory estoppel claim.

### *E. Breach of Express Warranty*

Finally, Defendant seeks summary judgment on Plaintiff's breach of express warranty claim, Mot. 2 ¶ 5, which challenges Defendant's alleged warranty that Atlas would "seamlessly integrate" with Xero. Compl. ¶ 51. Defendant sets forth three arguments in support of its position: (1) the merger clause negates any representations or agreements outside of the Agreement; (2) the

9

relevant express warranty does not appear in the Agreement; and (3) the challenged language is mere puffery. Mot. 2 ¶ 5; Def.'s Br. 16-19. Due to the existence of genuine issues of material fact, Defendant is not entitled to summary judgment on this claim.

Defendant's first two arguments fail for the same reason. As detailed above, there are outstanding fact issues regarding the validity of the Agreement. If the factfinder determines that the Agreement is invalid, its merger clause cannot bar a claim for breach of express warranty, and the fact that the challenged warranty does not appear in the Agreement is irrelevant. Therefore, the Court finds that genuine issues of material fact exist such that a reasonable jury might return a verdict in favor of either party.

The presence of fact issues also defeats Defendant's third argument. Puffery is "an expression of opinion by a seller not made as a representation of fact." *Dowling v. NADW Mktg., Inc.*, 631 S.W.2d 726, 729 (Tex. 1982) (citation omitted). Whether a statement is an expression of opinion often depends on the circumstances. *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 276 (Tex. 1995). "Among the relevant circumstances are the statement's specificity, the speaker's knowledge, the comparative levels of the speaker's and the hearer's knowledge, and whether the statement relates to the present or the future." *Id.* (citation omitted). Because genuine issues of material fact exist as to the circumstances surrounding the making of the disputed express warranty, a reasonable jury might return a verdict in favor of either party. As such, Defendant is not entitled to summary judgment on Plaintiff's breach of express warranty claim at this time.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion for Summary Judgment [ECF No. 28] as to Plaintiff's fraudulent inducement, negligent misrepresentation, unjust enrichment, money had and received, promissory estoppel, and breach of express warranty claims. And because Defendant withdrew its Motion as to Plaintiff's breach of implied warranty,

DTPA, and breach of contract claims, the Court **TERMINATES AS MOOT** the Motion with respect to those claims.

**SO ORDERED.**

SIGNED December 10, 2024.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**