IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOBU ENTERPRISES PTY LTD. d/b/a OLÉ MEXICAN FOODS AUSTRALASIA, § § § § Plaintiff, § § V. § § JOHN GALT SOLUTIONS, INC., § § Defendant. § | | No. 3:23-cv-617-BN |

## MEMORANDUM OPINION AND ORDER

On January 22, 2025, the Court set this matter for a jury trial on May 27, 2025. *See* Dkt. No. 63.

On April 17, 2025, almost three months later – and just more than a month before trial – Defendant John Galt Solutions, Inc. ("John Galt") moved for leave to substitute as an expert Fred Hessler and de-designate as an expert Sam Doan. *See* Dkt. Nos. 65 & 66. And the parties briefed this opposed motion on an expedited basis. *See* Dkt. Nos. 67, 68, & 80.

Stepping back, the Court entered the initial Federal Rule of Civil Procedure 16(b) scheduling order in this lawsuit on June 16, 2023. *See* Dkt. No. 14. That order set expert disclosure deadlines in January and February 2024. *See id.*, ¶ 3 (also observing, as applicable, that, "[u]nless otherwise indicated, the parties may by written agreement alter the deadlines in this paragraph without the need for court order").

The parties did agree to extend the expert disclosure deadlines. *See* Dkt. No. 22. And expert disclosures were made in February and March 2024. *See* Dkt. Nos. 23 & 24.

So, when the Court amended the Rule 16(b) scheduling order on May 15, 2024, it noted that the expert disclosure deadlines had passed. *See* Dkt. No. 43, ¶ 2.

All of this occurred months prior to December 10, 2024, when United States District Judge Karen Gren Scholer denied in part and terminated as moot in part John Galt's motion for summary judgment, *see* Dkt. No. 55, and, the next day, having previously obtained the parties' written consent, *see* Dkt. No. 54, ordered this case transferred to the undersigned United States magistrate judge for all purposes under 28 U.S.C. § 636(c), *see* Dkt. No. 56.

The Court then entered an order on December 13, 2024 vacating "the existing amended scheduling order and all pending deadlines, including the January 2025 pretrial conference and February 2025 jury trial, *see* Dkt. No. 43, and order[ing] the parties to confer in person or by telephone not later than January 10, 2025 to determine deadlines to complete proceedings in this matter" and to "file a joint status report and proposed scheduling plan by January 17, 2025," Dkt. No. 57 (cleaned up).

As this language reflects, the Court did not limit the parties to proposing just dates to try this case. Still, the January 17 joint status report did not, for example, mention a need to address experts. *See* Dkt. No. 61. So the Court set this matter for trial. *See* Dkt. No. 63.

Nevertheless, as both sides agree in their briefing, John Galt knew of its need to replace Doan as its trial expert in October 2024. *See* Dkt. No. 84 at 2 ("In reality, John Galt identified Mr. Doan's unavailability in October 2024 and diligently began searching for a substitute."); Dkt. No. 68 at 3 ("[D]uring the hearing on Defendant's Motion for Summary Judgment on October 18, 2024 – six months ago – counsel for Defendant told Plaintiff's counsel that it would need to substitute Defendant's expert as Mr. Doan was no longer available due to a professional change." (citation omitted)).

Yet, John Galt failed to inform the Court of this until April 17, 2025, even after the Court, on December 13, 2024, ordered "the parties to confer not later than January 10, 2025 **to determine deadlines to complete proceedings in this matter**." Dkt. No. 57 (emphasis added).

John Galt's expert-disclosure motion essentially requests that the Court revive an expired deadline established under Rule 16(b).

Such "a pretrial schedule may be modified 'only for good cause.'" *Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (quoting FED. R. CIV. P. 16(b)(4)).

To meet this standard, parties must show that, despite their diligence, they could not reasonably have met the deadlines in the scheduling order. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003); *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." (cleaned up)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418

(11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (cleaned up)); *cf. Puig v. Citibank, N.A.*, 514 F. App'x 483, 488 (5th Cir. 2013) (per curiam) ("[T]o determine whether the district court abused its discretion in finding no good cause to modify its scheduling order, we look to the [party's] diligence in [obtaining compliance] within the scheduling order's timeline.").

While the Court considers four factors to determine whether to modify a scheduling order, *see S&W Enters.*, 315 F.3d at 536; *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990), Rule 16(b)(4)'s "good cause standard requires the party seeking relief to [first] show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.' Failure to meet that threshold is a sufficient reason to" deny the requested extension – or, as applied here, to revive an expired deadline, *Banks v. Spence*, 114 F.4th 369, 371 (5th Cir. 2024) (cleaned up; quoting *S&W Enters.*, 315 F.3d at 535).

And, while John Galt asserts that it has offered a credible and reasonable explanation for it waiting until April 17, 2025 to file its motion, *see* Dkt. No. 84 at 2-3, its explanation fails to show that John Galt acted with diligence where it asserts it knew of the need to replace Doan in October 2024 and retained Hessler in January 2025 but failed to inform the Court until mid-April 2025, even after the Court's order from December 2024 specifically requested that the parties identify all deadlines that the Court should set to complete proceedings in this matter.

-5-

Against the timeline set out above, John Galt's explanation reveals its inadvertence. And, as the United States Court of Appeals for the Fifth Circuit has explained, "merely proffering *an* explanation is not enough. Rather, that explanation has to be 'adequate,' and an 'adequate' explanation is something more than 'inadvertence.'" *Banks*, 114 F.4th at 372 (emphasis in original; quoting *S&W Enters.*, 315 F.3d at 536). And, so, inadvertence alone "is tantamount to no explanation at all." *S&W Enters.*, 315 F.3d at 536.

The Court therefore DENIES Defendant John Galt Solutions, Inc.'s motion for leave as to expert designations [Dkt. No. 65].

SO ORDERED.

DATED: May 15, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE