IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOBU ENTERPRISES PTY LTD. | § | |
| d/b/a OLÉ MEXICAN FOODS | § | |
| AUSTRALASIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-617-BN |
| | § | |
| JOHN GALT SOLUTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Mobu Enterprises Pty Ltd. d/b/a Olé Mexican Foods Australasia's ("Mobu") filed an opposed motion under Federal Rule of Civil Procedure 43(a) [Dkt. No. 72] to allow a witness, Julieth Rodriguez – a sales analyst for Mobu, who was born in Colombia, moved to Australia in 2021, now resides in Brisbane, and "hold[s] a Bridging Visa (subclass 010)," "allow[ing Rodriguez] to work and live in Australia while [her] lodging and ongoing subclass 186 (Employer Nominee Scheme) permanent residence is being processed" – to testify at trial live from a remote location, because Rodriguez has been informed by her immigration attorneys that, "[i]f [she] left Australia while holding the Bridging Visa," she "will be unable to return." Dkt. No. 72-1 (Rodriguez decl.); *see also* Dkt. No. 72-2 (letter from Rodriguez's immigration counsel affirming the testimony in Rodriguez's declaration).

On an expedited basis, *see* Dkt. No. 74, John Galt Solutions, Inc. filed its opposition, *see* Dkt. No. 85, and Mobu replied, *see* Dkt. No. 88.

The Court DENIES the motion for the following reasons.

## Legal Standards

"At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." FED. R. CIV. P. 43(a).

And, so, "[a]t trial, live testimony is typically required," and "[t]he Rule 43(a) exception cannot be permitted to swallow the live-testimony rule." *Callier v. Jascott Invs., LLC*, No. 3:22-CV-00301-LS, 2025 WL 97846, at *1 (W.D. Tex. Jan. 14, 2025) (footnotes omitted).

"Inconvenience of the witness is not enough to satisfy the Rule 43 burden; neither are reasonably foreseeable circumstances," so, "[i]f a witness cannot be reached by a trial subpoena or is unavailable due to scheduling issues, depositions are preferred to testimony via contemporaneous transmission." *Id.* (footnotes omitted); *see also* FED. R. CIV. P. 43 advisory committee's note to 1996 amendment ("Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena," as "[d]eposition procedures ensure the opportunity of all parties to be represented while the witness is testifying.").

And "[t]he decision whether to allow remote testimony pursuant to Rule 43(a) lies within the district court's discretion." *Shenzen Synergy Digital Co. v. Mingtel, Inc.*, No. 4:19-CV-00216, 2021 WL 6072565, at *2 (E.D. Tex. Dec. 23, 2021) (citing

*Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013)). "Indeed, Rule 43(a) 'is by its own terms permissive and not mandatory. Therefore, even if a party makes an adequate showing of good cause for the use of remote testimony, district courts are not required to permit it.'" *Id.* (quoting *Eller*, 739 F.3d at 478); *cf.* FED. R. CIV. P. 43 advisory committee's note to 1996 amendment ("Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission. The court is not bound by a stipulation, however, and can insist on live testimony. Rejection of the parties' agreement will be influenced, among other factors, by the apparent importance of the testimony in the full context of the trial.").

## Analysis

The Court is not unsympathetic to Rodriguez's visa situation and does not believe that she should be compelled to travel to the United States to testify live in person and risk not being allowed to return home to Australia. *Cf. Gomez-Echeverria v. Purpose Point Harvesting, LLC*, No. 1:22-cv-314, 2024 WL 5284048, at *7 (W.D. Mich. Dec. 4, 2024) ("Plaintiffs' visa status, over which they have little control, need not prevent Plaintiffs from bringing their claims in their chosen forum, where the alleged harm occurred. If one or more Plaintiffs are unable to obtain the requisite visas to travel to Grand Rapids, this lack of a visa would render in-person testimony not merely inconvenient, but rather, impossible…. Plaintiffs shall continue to make good-faith efforts to obtain the requisite visas to testify in-person at trial. However, to the extent that such efforts prove unsuccessful, Plaintiffs' motion pursuant to Rule

43(a) is conditionally and provisionally granted." (cleaned up)).

But Mobu offers no facts from which the Court may reasonably infer that Rodriguez's inability to travel to the United States is a new or sudden development. *See* Dkt. No. 72 at 2 ("Mobu had hoped that her visa status would be upgraded by the time of trial – however, per her immigration attorney, that is not the case.").

Rodriguez is Mobu's employee. And, because Rodriguez has testified that her visa is tied to her employment, the Court reasonably infers that Mobu has known of this visa restriction during her tenure with the company. And, so, the Court also reasonably infers that Mobu knew of Rodriguez's inability to travel to the United States to testify live in person when she was deposed in March 2024. *See* Dkt. No. 72-1 at 1 ("I am a Sales analyst for Mobu. Through my position, I have personal knowledge of the facts set forth in Mobu's Complaint. I was deposed in this matter on March 12, 2024.").

And, while Mobu concludes that "Rodriguez has suddenly and unexpectedly become physically unavailable to travel overseas or attend trial," Dkt. No. 72 at 2, that conclusion does not find support from the facts presented in the motion or the declaration and attorney's letter attached to the motion. For example, none of these sources reflects that Rodriguez's inability to leave Australia because of her visa status is a new development – although "Mobu had hoped that her visa status would be upgraded by the time of trial." *Id.*

As the Advisory Committee Notes to Rule 43 reflect, depositions are ordinarily superior to remote testimony. Rodriguez was deposed. And, while Mobu characterizes

this deposition as "[h]er discovery deposition," Dkt. No. 72 at 2, Mobu has not explained why this testimony cannot be used at trial or why, considering her visa status, it did not also take Rodriguez's trial deposition in March 2024.

"The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." FED. R. CIV. P. 43 advisory committee's note to 1996 amendment. "Other possible justifications for remote transmission must be approached cautiously." *Id.* And "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances." *Id.* And, so, "[n]otice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying." *Id.*; *see, e.g.*, *AAG Glass, LLC v. Laminados de Aller, S.A.*, Civ. A. No. 21-638-SRF, 2024 WL 3444355, at *2 (D. Del. July 15, 2024) (denying Rule 43(a) motion after observing that "[t]he comments to Rule 43(a) emphasize that the requested relief is generally only justified in cases where the witnesses' inability to attend trial in person occurs for an unexpected reason or results from an unforeseen need" where "Defendants [had] not established that either Diaz's health conditions or Garcia's visa issues were unexpected or unforeseen"); *cf. Shenzen Synergy Digital*, 2021 WL 6072565, at *4 (granting Rule 43(a) motion considering the unforeseen exigencies of a global

pandemic).

For these reasons, Mobu has not shown good cause in compelling circumstances to grant this Rule 43(a) motion. In short, Mobu has not shown that Rodriguez's inability to travel to the United States was not reasonably foreseeable at the time that she was deposed or shown that it will be entirely deprived of Rodriguez's testimony where she has already been deposed.

## Conclusion

The Court DENIES Mobu Enterprises Pty Ltd. d/b/a Olé Mexican Foods Australasia's motion under Federal Rule of Civil Procedure 43(a) to allow a witness, Julieth Rodriguez, to testify at trial live from a remote location [Dkt. No. 72].

SO ORDERED.

DATED: May 16, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE