IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOBU ENTERPRISES PTY LTD. d/b/a OLÉ MEXICAN FOODS AUSTRALASIA, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-617-BN |
| JOHN GALT SOLUTIONS, INC., | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING OPPOSED MOTION FOR CONTINUANCE, VACATING UNEXPIRED PRETRIAL DEADLINES, AND REQUIRING JOINT STATUS REPORT**

On Sunday evening, May 18, 2025, Defendant John Galt Solutions, Inc. filed a verified emergency motion to continue the May 27, 2025 trial setting and May 22, 2025 pretrial conference, citing the death of its counsel's close family member over the weekend. *See* Dkt. No. 91.

Later Sunday evening, Plaintiff Mobu Enterprises Pty Ltd. d/b/a Olé Mexican Foods Australasia filed its opposition. Mobu offers its condolences to counsel but argues that a wholesale continuance is not necessary because Mobu "has offered to accommodate [John Galt's] counsel by either (1) stipulating that he be permitted to telephonically appear at the pretrial conference, or (2) agreeing to delay pretrial to Friday, May 23 or Tuesday, May 27" and because Mobu "would be disproportionately prejudiced should the proposed continuance be granted," as it "has invested considerable time, resources, and expense in preparing for the current trial date"; specifically, "[w]itnesses, including those traveling internationally, have arranged

their schedules and travel plans around the existing dates," and [n]onrefundable payments have been made to vendors, hotel accommodations, and other related services." Dkt. No. 92.

Early Monday morning, May 19, 2025, John Galt filed a reply, *see* Dkt. No. 93, which the Court first reviewed after it began drafting this order. That reply only bolsters the Court's rationale for granting the requested continuance.

The Court offers its condolences to John Galt's counsel and his family and GRANTS the opposed emergency motion for the reasons explained below.

As Mobu acknowledges, *see* Dkt. No. 92 at 2, "[d]istrict courts are given 'exceedingly wide' discretion in making 'scheduling decision[s], such as whether a continuance should be granted,'" *SCF Waxler Marine, L.L.C. v. Aris T M/V*, 24 F.4th 458, 475 (5th Cir. 2022) (quoting *HC Gun & Knife Shows, Inc. v. City of Hous.*, 201 F.3d 544, 549 (5th Cir. 2000)). And a trial court's discretionary decision on whether to grant or deny a continuance is subject to substantial deference. *See Johnson v. Harris Cnty. Flood Control Dist.*, 869 F.2d 1565, 1570 (5th Cir. 1989) (colleting authority, including *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986)); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("The *Fontenot* court, noting that [Federal Rule of Civil Procedure] 61 forbids reversal absent prejudice to the 'substantial rights' of a party, declined to find that the trial court erred in refusing to grant the plaintiff a … continuance both because of the discretion vested in the trial judge and because no resultant prejudice was shown." (citing *Fontenot*, 780 F.2d at 1194)).

The Court does not fault Mobu for its attempt at a workaround to keep this case on track to be tried on May 27.

But the Court finds that Mobu's proposed accommodations are not sufficient considering the verified reasons for the requested continuance.

The Court similarly finds that Mobu's cited pecuniary prejudice, although presumably not insignificant, is not substantial enough to override the Court's reasons to grant a continuance. The Court makes that finding even assuming that the nonrefundable expenses were already incurred or unavoidable after John Galt's counsel advised Mobu's counsel on May 1, 2025 that John Galt's counsel's close family member had been hospitalized, with a poor long-term prognosis, and that, although John Galt's counsel believed it to be unlikely, a scenario could potentially occur where John Galt would need to file a motion for continuance of the trial setting. *See* Dkt. No. 93-1 at 3.

If the Court were to try this case on May 27 – even after allowing John Galt's counsel to appear telephonically for the pretrial conference on May 22 (because the Court will not in this particular case conduct a pretrial conference and immediately proceed to trial the next or same business day) – it would still be forcing counsel to undertake the typically all-consuming task of preparing for trial while his energies and emotions should be (and likely still would be) invested elsewhere.

This would be a disservice to John Galt, its counsel, the Court, and the legal profession. That is, if anything, all the more true here where John Galt's counsel is the only attorney of record for the defendant, and, as the reply and supplemental

declaration confirm, is a solo practitioner who does not have co-counsel, an associate, or a subordinate attorney who can assist or replace him during his absence in this case or for trial preparations. The reply also explains, as further context, that John Galt's counsel is the only niece or nephew of the deceased, his mother's only child, and his grandparent's only grandson. As John Galt's counsel explains, at this point, all time that he spends on this case is time that he is taken away from his family, and all time that he spends with his family is time that he is not working on this case preparing for trial.

And, so, while the Court is mindful of the need to avoid unnecessary delays in civil litigation and their associated pecuniary costs, the Court also recognizes that attorneys, like all professionals, are human beings who encounter personal events that warrant accommodations.

The Court GRANTS the opposed emergency motion for continuance [Dkt. No. 91]; CANCELS the May 22, 2025 final pretrial conference and the May 27, 2025 special jury trial setting; VACATES the unexpired deadlines (those from May 19 forward) in the January 22, 2025 Order Setting Case for Trial [Dkt. No. 63]; and ORDERS the parties to meet and confer and then file – by **Monday, June 2, 2025** – a joint status report to apprise the Court of their availability for a new trial setting.

SO ORDERED.

DATED: May 19, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE